Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

FILED
2010 MAY 13 AM 11: 27
CLERK
U S DISTRICT COURT

U.S.A. vs. Emil James Henning, Jr.　　　　　　　　　　　　　　　Docket No. 06-00038-001

### Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Emil J. Henning, who was placed on supervision by the Honorable Gary L. Lancaster sitting in the Court at Pittsburgh, on the 30th day of November 2007, who on December 22, 2007, fixed the period of supervision at three years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- Shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- Shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance.
- Shall submit to urinalysis as directed by the probation officer and shall participate in a substance abuse treatment program, if deemed necessary.
- Shall participate in a mental health evaluation and treatment program, if necessary, as directed by the probation officer.
- Shall cooperate in collection of DNA, as directed by the probation officer.

11-30-07:　Possession With Intent to Distribute and Distribution of 5 Grams or More of Cocaine Base; 37 months' imprisonment, followed by 5 years' supervised release.
12-22-07:　Sentence modified to 3 years' supervised release.
06-27-08:　Released to supervision; Currently supervised by U.S. Probation Officer Andrew A. Waszyn

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:

Your petitioner reports that the offender has violated the following terms of his supervision.

**Failure to report as directed.**

The offender failed to submit a written monthly report for the months of March 2010 and April 2010, which were due by the by the 5th of April and 5th of May, respectively. On April 22, 2010, the offender was directed to report to the probation office on April 26, 2010; however, he failed to report.

**Failure to answer truthfully all inquires of the probation officer and failure to follow all instructions of the probation officer.**

On April 21, 2010, the offender was questioned regarding his use of cocaine, as evidenced by the positive urine sample collected on April 8, 2010. The offender was again questioned regarding this on April 22, 2010. He denied that he has been using cocaine.

**Failure to notify the probation officer at least 10 days prior to any change in address.**

The offender began moving from his last known address on or before April 16, 2010, and failed to notify the probation officer of this planned move. On April 21, 2010, the probation officer did visually observe the offender in the course of moving. At that time, the offender advised he was moving to a friend's home. On April 28, 2010, this officer was in contact with the friend with whom the offender was to be living, and that individual advised this officer that the offender was no longer staying at that address. State police had also been to that address earlier that date seeking a fugitive and were advised the offender was no longer staying there. The offender's current whereabouts are unknown.

U.S.A. vs. Emil James Henning, Jr.
Docket No. 06-00038-001
Page 2

**Failure to refrain from excessive use of alcohol. Failure to refrain from the use of illegal drugs.**

The offender has tested positive for the use of illegal drugs, including cocaine and marijuana, on a number of occasions during supervision. Previously after testing positive, he was referred for outpatient drug treatment, which was completed. More recently, the offender tested positive for cocaine on April 8, 2010, and April 21, 2010. Regarding the urine specimen collected on April 8, 2010, the offender also tested positive for ethanol. The offender reported that date to his mental health therapist and then to the probation officer and admitted to drinking that morning. The offender was clearly under the influence of alcohol and cocaine that date, in addition to a prescribed opiate-based pain medication, as well as amphetamines prescribed by his psychiatrist. The offender was previously warned regarding his use of alcohol, in light of the myriad of medications he has been prescribed.

**Failure to submit to drug testing.**

The defendant failed to report to the probation office on April 26, 2010, for drug testing.

**Failure to not associate with any persons engaged in criminal activity. Failure to report contact with law enforcement within 72 hours.**

The offender permitted his step-nephew, Shane Long, to reside in his home sometime in April. By the offender's own admission, Long may have been selling drugs out of the offender's home. In addition, the offender permitted Long to reside in his home when Long was wanted by authorities for probation violations and other criminal charges. Indiana County probation officers interviewed the offender at his home on or about April 16, 2010, and the offender failed to report said contact with those law enforcement officers.

PRAYING THAT THE COURT WILL ORDER a bench warrant be issued for the arrest of the supervised releasee for alleged violation of supervision and that bond be set. *By a U.S. magistrate*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 7, 2010

Andrew A. Waszyn
U.S. Probation Officer

John A. Pugliinco
Supervising U.S. Probation Officer

Place: Johnstown, Pennsylvania

ORDER OF COURT

Considered and ordered this 15 day of May, 20 10 and ordered filed and made a part of the records in the above case.

U.S. District Judge